# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY DANKO,**

      **Plaintiff,**

v.                                                 **Civil Action No. 2:15cv52**
                                                                  **(Judge Bailey)**

**SAFETY OFFICER GREENE, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On July 13, 2015, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. In addition, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation.

## I. The Complaint

In the complaint, Plaintiff alleges that the third man bunks were removed from FCI Gilmer with torches, and the "burrs" were not removed. As a result, the plaintiff alleges that he sustained a five inch laceration to his left forearm that required thirteen stitches to close. The plaintiff further alleges that as a result of his injury, he cannot grip anything with his left small finger without experiencing shooting pain in his arm. Finally, the plaintiff alleges that the injury will seriously hinder his "occupation and future employment." For relief, the plaintiff seeks to negotiate fair compensation for his injury, and if that is not possible, a jury trial.

This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

## II.  Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997(e)(a).  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available.  Booth at 741.  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court.  See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds.  See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005).  If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*.  Id. at 682.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results.  See 28 C.F.R. § 542.10, et seq.  This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated.  If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution

---

[1] Id.

of confinement is located. (For inmates confined at FCI Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

Here, the plaintiff admits that he did not file following any step of the administrative grievance process. More specifically, the plaintiff alleges that any grievances would have been frivolous and could not or would not have prevented the incedent [sic] as I was unaware of the hazard!" (ECF. No. 1, p.5). Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate. See Anderson, 407 F.3d at 682.

### III. RECOMMENDATION

In consideration of the foregoing, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE for the failure to exhaust.** It is further recommended that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 20, 2015

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE